UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GERTI ALI<br><br>  Plaintiff,<br><br>  v.<br><br>AMERICAN SEAFOODS COMPANY, LLC, and F/V OCEAN ROVER,<br><br>  Defendants. | NO. C06-0021P<br><br>ORDER ON DEFENDANT'S MOTION TO DISQUALIFY PLAINTIFF'S COUNSEL |

This matter comes before the Court on Defendant's motion to disqualify the firm of Moran, Windes & Wong, LLP from representing the Plaintiff in this action. (Dkt. No. 9). Having reviewed all the pleadings and supplementary materials, the Court GRANTS Defendant's motion. Plaintiff's counsel argues that no former client conflict of interest exists as to two of its attorneys because those attorneys never represented Defendant American Seafoods Company, LLC. They argue that when they worked at the firm of Defendant's counsel, they represented a distinct corporate entity called American Seafoods Company. However, for the reasons set forth below, the Court regards the distinction between the two corporate entities as insignificant for the purposes of conflict analysis.

ORDER ON DEFENDANT'S MOTION TO DISQUALIFY PLAINTIFF'S COUNSEL - 1

1  Therefore, both American Seafoods Company and American Seafoods Company, LLC, will be
2  referred to as "ASC" throughout this Order.
3        The Court finds that cases in which Attorneys Dennis Moran and Robert Windes formerly
4  represented Defendant ASC while working at the firm of Defendant's counsel are substantially related
5  to the instant case, and they are therefore disqualified from representing Plaintiff in this matter.
6  Moreover, there is no showing that Mr. Moran or Mr. Windes were screened from Attorney Angela
7  Wong pursuant to Washington Rule of Professional Conduct 1.10. For these reasons, the Court
8  grants Defendant's motion to disqualify the entire firm of Moran, Windes & Wong.

## Background

10  A. Parties

11        Plaintiff is Gerti Ali, a seaman who was allegedly injured during his employment with
12  Defendant aboard the fishing vessel Ocean Rover. (See Pl's. Opp'n at 3). Plaintiff filed his complaint
13  in January of 2006, asserting various Jones Act claims. (See Compl.). The owner of the vessel,
14  Defendant ASC, is a seafood harvesting and processing company. (Id. at 9). It has been represented
15  by the firm of LeGros, Buchanan & Paul, P.S., since 1996, but a corporate restructuring took place in
16  2000. (Def's. Mot. to Disqualify, "Def's. Mot.," at 2-3). One of Defendant's attorneys attests that
17  "substantially all of the liabilities, assets, officers and employees" of ASC were transferred to ASC
18  LLC, and that the company operated in substantially the same manner after the change. (Def's Reply
19  at 2; Decl. of Matthew Latimer at 2, ¶¶ 5-6). Mr. Robert Lang was ASC's Claims Manager before
20  and after the corporate restructuring, and is still currently in that position. (Def's Mot.; Decl. of
21  Robert Lang at ¶¶ 2-3).

22  B. Counsel

23        Plaintiff's counsel is the firm of Moran, Windes & Wong ("MWW"), which also includes
24  attorney William Keller, as well as support staff members Erin Legge and Laura Criss. (Def's. Mot. at
25  5-6). Of these six persons, all except Attorney Angela Wong were previously employed with the

26  ORDER ON DEFENDANT'S MOTION TO DISQUALIFY PLAINTIFF'S COUNSEL - 2

1  Defendant's firm of LeGros, Buchanan & Paul.  (Id.).  Attorneys Robert Windes and Dennis Moran

2  joined the LeGros firm in 1988 and 1992, respectively, and Attorney William Keller joined in 1999.

3  (Id.).  Ms. Legge joined as a receptionist in 2000 and became a paralegal in 2003, and Ms. Criss joined

4  as a paralegal in 2001.  (Id.).  Mr. Moran left LeGros with Ms. Criss to start his own firm in 2004, and

5  Mr. Windes and Mr. Keller followed in 2005 and 2006, respectively.  (Id. at 5-6).  Ms. Legge joined

6  MWW in 2006.  (Id. at 6).

7        C.  Previous Representation by Plaintiff's Counsel

8        In 1999, Mr. Moran represented ASC in Brana v. American Seafoods Co., a personal injury

9  case in which the plaintiff asserted Jones Act negligence and unseaworthiness claims.  (Def's. Mot. at

10  3).  Mr. Moran worked just over 30 hours on the case, reviewing file documents, medical records, and

11  statements of witnesses, taking the deposition of the plaintiff and an expert witness, and working on

12  discovery.  (Id., Decl. of Eric R. McVittie at ¶ 3,  Ex. A).  He also consulted with ASC's Claims

13  Manager Robert Lang regarding settlement of the case.  (Id.).

14        In 2000, Mr. Windes represented ASC in a case called Lostlen v. American Seafoods Co.,

15  which also involved Jones Act claims.  (Def's. Mot. at 3).  He worked over 60 hours on the case,[1]

16  reviewing documents, drafting correspondence, assisting in the selection of expert witnesses and

17  consulting with them, and working on discovery and taking depositions.  (see id. at 3-4; Decl. of Eric

18  R. McVittie, Ex. B).  He also consulted with Robert Lang regarding settlement and in preparation for

19  his representation of ASC at a settlement conference.  (Id. at 4).

20        Mr. Keller participated in personal injury litigation involving ASC as well, during 2002 and

21  2005.  (Def's. Mot. at 4).  Mr. Keller's work involved reviewing documents and drafting motions.

22  (Id.).  MWW does not dispute his involvement in ASC cases, but asserts that Mr. Keller was

---

[1] Exhibit B to Eric McVittie's First Declaration indicates that Mr. Windes billed approximately 60 hours of work on Lostlen, but Patricia LaFontaine's Second Declaration shows 123 hours.  Mr. Windes does not dispute either.

ORDER ON DEFENDANT'S MOTION TO DISQUALIFY PLAINTIFF'S COUNSEL - 3

1  appropriately screened when he joined the firm. (Pl's. Opp'n at 13). Mr. Keller states that after

2  beginning work at MWW, he and Mr. Moran, Mr. Windes, and Ms. Wong all agreed that he should

3  not work on any firm cases against ASC. (Pl's. Opp'n, Decl. of William A. Keller at ¶ 10). He also

4  asserts that he has received no fees from any cases against ASC, that he does not have access to the

5  file for the instant case, and that Mr. Moran, Mr. Windes, Ms. Wong, and the paralegals have been

6  informed not to discuss the case in his presence or allow him access to any documents in the case. (Id.

7  at ¶ 11-12).

8  Defendant's counsel also alleges that Ms. Criss was privy to ASC confidences and secrets

9  while working as a secretary on ASC matters, and that Ms. Legge learned confidences and secrets

10 while handling discovery on ASC cases. (Def's. Mot. at 5). MWW disputes that any ACS

11 confidences were learned by Ms. Criss or Ms. Legge when they worked at LeGros. (Pl. Opp'n at 14).

**Analysis**

13 When one party alleges that an attorney's representation of a client constitutes a conflict of

14 interest, "it is the duty of the district court to examine the charge." Oxford Sys., Inc. v. Cellpro, Inc.,

15 45 F.Supp.2d 1055, 1058 (W.D. Wash. 1999). Attorneys practicing in this Court must abide by the

16 Rules of Professional Conduct ("RPC") of Washington State. Local Rule GR 2(e)(2).

17 A. <u>Former Client Conflicts of Interest</u>

18 An attorney who has formerly represented a client cannot thereafter (a) represent another

19 person in the same or a substantially related matter in which that person's interests are materially

20 adverse to those of the former client, unless the former client consents, or (b) use confidences or

21 secrets relating to the representation to the disadvantage of the former client. Sanders v. Woods, 121

22 Wn. App. 593, 597 (2004), <u>citing</u> RPC 1.9. The first prong does not require proof of disclosure of

23 confidences if the matters are substantially related. See Cellpro, 45 F.Supp.2d at 1061.

24 In order to determine whether two matters are "substantially related" under RPC 1.9,

25 Washington courts utilize a "factual context" analysis. See State v. Hunsaker, 74 Wn. App. 38, 45

26 ORDER ON DEFENDANT'S MOTION TO DISQUALIFY PLAINTIFF'S COUNSEL - 4

(1994). This analysis requires the Court to reconstruct the prior representation, infer what confidential information could have been revealed, and decide whether that information has any relevance to the instant representation. Id., quoting Koch v. Koch Indus., 798 F.Supp. 1525, 1536 (D. Kan. 1992). Representations are substantially related if they involve the same client and the matters are "relevantly interconnected or reveal the client's pattern of conduct." Id. Official Comment [3] to ABA Annotated Model Rule 1.9 (5th Ed. 2003)[2] states the underlying question as whether there is a "substantial risk that confidential factual information as would normally have been obtained in the prior representation would materially advance the client's position in the subsequent matter."

Plaintiff's counsel argues first that RPC 1.9 does not apply to Mr. Moran or Mr. Windes because they represented ASC before the corporate restructuring, and therefore ASC, LLC is not a "former client." (Pl. Opp'n at 10, 13). The Court does not find this argument persuasive. The Rules of Professional Responsibility "may warrant disqualification of counsel in appropriate cases even in the absence of a strict contractual attorney-client relationship." Trone v. Smith, 621 F.2d 994, 1001 (9th Cir. 1980). Although there do not appear to be any factually analogous Washington cases, courts in other jurisdictions have refused to exalt form over substance in this area, and they have disqualified attorneys from representing interests that are adverse to a corporate entity that is fundamentally the same one that the attorney previously represented. See, e.g., Morrison Knudsen Corp. v. Hancock, Rothert & Bunshoft, LLP, 69 Cal.App. 4th 223, 253 (1999); Tekni-Plex, Inc. v. Meyner and Landis, 89 N.Y.2d 123, 132-34 (1996); Baxter Diagnostics, Inc. v. AVL Scientific Corp., 798 F.Supp. 612, 616 (N.D. Cal. 1992).

These authorities are persuasive and applicable to the instant case. Defendant's attorney attests that ASC retained "substantially all of the liabilities, assets, officers and employees" after it

---

[2] Although Washington State has not formally adopted the Official Commentary to the ABA's Model Rules of Professional Conduct, courts have noted its usefulness in exploring the policy of the rules. See, e.g., In re Disciplinary Proceedings Against Carmick, 146 Wn.2d 582, 595 (2002).

ORDER ON DEFENDANT'S MOTION TO DISQUALIFY PLAINTIFF'S COUNSEL - 5

1  became ASC, LLC, and that it operated in substantially the same manner. (Def's Reply at 2; Decl. of

2  Matthew Latimer at 2, ¶¶ 5-6). Moreover, Attorneys Windes and Moran worked closely and

3  consulted with the same Claims Manager that still works for Defendant, Robert Lang. (Def's. Mot. at

4  3-4). For these reasons, this Court is satisfied that any distinction between ASC and ASC, LLC, is

5  insignificant for purposes of conflicts analysis. Defendant ASC is therefore a "former client" of Mr.

6  Windes and Mr. Moran for purposes of RPC 1.9.

7      The Court is also not persuaded by Plaintiff's contention that Defendant deliberately attempted

8  to mislead the Court regarding Mr. Windes' and Mr. Moran's prior representation of Defendant. The

9  Court declines Plaintiff's request to impose criminal contempt sanctions or to refer this matter to the

10 U.S. Attorney's Office. Plaintiff's accusations regarding the integrity of Defendant's counsel are more

11 distracting than persuasive.

12     Plaintiff's counsel also argues that Defendant's counsel has not shown that MWW attorneys or

13 staff possess confidential information. (See Pl's. Opp'n at 14; Pl's. Surreply at 1). They argue that

14 instead of identifying the specific facts that constitute confidences or secrets, Defendant's counsel

15 erroneously suggest that disclosure of such information should be presumed. (Pl's. Surreply at 1).

16 However, Defendants are correct that if matters are substantially related, the court presumes

17 disclosure of confidential information and proof of actual disclosure is unnecessary. See, e.g., Teja v.

18 Saran, 68 Wn. App. 793, 799-800 (1993); Cellpro, 45 F.Supp.2d at 1064.

19     Defendant's counsel argues that the matters in which Mr. Moran and Mr. Windes represented

20 ASC are substantially related to this case because the claims are of the same type, ASC employs

21 "similar, if not identical strategies" in such cases, and Plaintiff's attorneys have knowledge of ASC's

22 insurance policy limits and prior claim history, including the settlement value of prior claims. (Def's.

23 Mot. at 11-12). Plaintiff's counsel do not directly address many of these contentions, since they argue

24 that Mr. Windes and Mr. Moran never represented ASC, LLC, but their best argument is found in Mr.

25 Moran's declaration, in which he states that the instant case is not related to any cases in which he

26 ORDER ON DEFENDANT'S MOTION TO DISQUALIFY PLAINTIFF'S COUNSEL - 6

1  previously represented ASC because it involves an injury on a different boat, and there are "no

2  commonalities between these cases of witnesses, facts, investigation, <u>parties</u>, boats, insurer, insurer

3  strategy or anything else." (Pl's. Opp'n, Decl. of Dennis M. Moran, at ¶ 5) (emphasis in original).

4       Defendants are correct that this matter is substantially related to the ASC cases that Plaintiff's

5  counsel previously handled. Although the specific facts of Plaintiff Ali's injury are not identical to

6  those of the previous cases, matters may be "substantially related" where, as here, facts that would

7  have been learned in the earlier case "reveal the client's pattern of conduct." <u>Hunsaker</u>, 74 Wn. App.

8  at 44; <u>see also</u> <u>Trone</u>, 621 F.2d at 1001 (matters were substantially related because attorney's

9  knowledge of lending and asset management policies, practices, and procedures of the institutions

10  involved in the previous matter were relevant in later litigation).

11       Attorneys Windes and Moran both participated in discovery and consulted with ASC's Claims

12  Manager Robert Lang with regard to settlement in personal injury cases in which they previously

13  represented ASC. (Def's. Mot. at 3-4). This indicates that they would have been privy to information

14  relating to ASC's strategy for defending and settling personal injury claims. Such information clearly

15  has relevance to the instant case since MWW is representing a personal injury claimant against ASC.

16  Therefore, these matters are substantially related. <u>See, e.g.</u>, <u>Kaselaan & D'Angelo Assocs., Inc. v.</u>

17  <u>D'Angelo</u>, 144 F.R.D. 235, 244 (D.N.J. 1992) (cases in which attorney had formerly represented

18  employer were substantially related to instant case in which he represented employee because they

19  involved common issues of employer's "tactical approach" to such cases); <u>Jessen v. Hartford Cas. Ins.</u>

20  <u>Co.</u>, 111 Cal.App.4th 698, 712-13 (2003); <u>In re Carey</u>, 89 S.W.3d. 477, 495-96 (Mo. 2002). Having

21  formerly represented ASC in cases very similar to the instant one, Plaintiff's counsel cannot now

22  switch sides and use information gained in that role to ASC's disadvantage. Mr. Moran and Mr.

23  Windes are therefore disqualified from representing Plaintiff Ali in this case.

24

25

26  ORDER ON DEFENDANT'S MOTION TO DISQUALIFY PLAINTIFF'S COUNSEL - 7

1        Attorney Keller also has a conflict of interest in this case because he represented ASC during

2  2002 and 2005.  MWW does not contest that the matters he worked on are substantially related to the

3  instant case.  (Pl. Opp'n at 13).

4        Nonlawyer assistants are also subject to the conflict of interest provisions of the Rules of

5  Professional Conduct.  See Daines v. Alcatel, 194 F.R.D. 678, 681-82 (E.D. Wash. 2000).  Under

6  RPC 5.3, an attorney is responsible for a nonlawyer assistant's conduct that would be a violation of

7  the rules if the attorney knows of the conduct and could have acted to prevent it but fails to do so.

8  However, as discussed below, the Court finds that Attorneys Windes and Moran were not properly

9  screened.  Since the consequences of support staff members Criss and Legge, if any, would be borne

10  by Mr. Windes or Mr. Moran, who are already disqualified, the Court need not consider whether the

11  conduct of Ms. Criss or Ms. Legge has violated RPC 1.9.

12       B.  <u>Screening</u>

13        No lawyer in a firm may knowingly represent a client when any one of them alone would be

14  prohibited from doing so because of a conflict of interest.  RPC 1.10(a).  However, this imputation

15  rule does not apply if: (1) the disqualified lawyer is screened and receives no part of the fee from the

16  matter; (2) the former client receives notice of the conflict and the screening mechanism used to

17  prevent disclosure of confidential information; and (3) the firm is able to demonstrate by convincing

18  evidence that no such information was transmitted by the disqualified lawyer before the screening

19  mechanism was implemented and notice was given.  RPC 1.10(b).  This rule also applies to paralegals

20  and other nonlawyer assistants.  Alcatel, 194 F.R.D. at 681.

21        The imputation rule rests on the presumption that lawyers who work together share secrets

22  and confidences.  See Cellpro, 45 F.Supp.2d at 1062.  However, RPC 1.10(b) provides that the

23  presumption may be rebutted if the disqualified lawyer submits an affidavit attesting that the he or she

24  will not participate in the matter and will not discuss it with any other lawyer or employee of the firm.

25  The affidavit must also describe the screening mechanism.  Id.

26  ORDER ON DEFENDANT'S MOTION TO DISQUALIFY PLAINTIFF'S COUNSEL - 8

1    Plaintiff's counsel has not satisfied RPC 1.10.  This Court need not consider whether Mr.
2  Keller's declaration is convincing evidence that he was appropriately screened, because Plaintiff's
3  counsel has offered no evidence that Mr. Windes or Mr. Moran were screened.  Therefore, the entire
4  firm of MWW must be disqualified from representing Plaintiff Ali in this case.

5    C.  Waiver

6    As the parties acknowledge, "a failure to act promptly in filing a motion for disqualification
7  may warrant denial of a motion."  First Small Bus. Inv. Co. of California v. Intercapital Corp. of
8  Oregon, 108 Wn.2d 324, 337 (1987).  The purpose of the rule is that the court cannot allow a litigant
9  to delay filing the motion and then use it later to deprive his opponent of counsel of his or her choice
10 after substantial preparation of the case has occurred.  Id. (internal quotation omitted).

11   There has been no waiver in the instant case.  Defendant filed this motion on February 16,
12 2006, approximately six weeks after the complaint was filed.  Plaintiff's counsel suggests that waiver
13 should be found because Defendant did not move for disqualification during the litigation of a previous
14 case in this Court last year (Alshazli v. American Seafoods Co., LLC, C04-1684L) in which MWW
15 represented a personal injury plaintiff in an action against ASC.  However, Plaintiff's counsel cites no
16 authority for the proposition that failure of a party to move for disqualification in one case constitutes
17 a "global waiver" as to conflicts in all future cases, and the Court can find none.  Accordingly, the
18 Court finds that there has been no waiver.

**Conclusion**

20   Attorneys Windes and Moran previously represented Defendant ASC in cases that are
21 substantially related to the instant case while they worked at Defendant's counsel of LeGros,
22 Buchanan and Paul, P.S.  Because there is no evidence that Mr. Windes and Mr. Moran were screened
23 from their colleague Ms. Wong, Defendant's motion to disqualify the entire firm of Plaintiff's counsel
24 Moran, Windes & Wong is granted.

26 ORDER ON DEFENDANT'S MOTION TO DISQUALIFY PLAINTIFF'S COUNSEL - 9

This case is stayed until June 30, 2006, to permit Plaintiff Ali to obtain new counsel. MWW is directed to advise Mr. Ali to substitute counsel or to provide the Court with pro se contact information no later than June 30, 2006.

The clerk is directed to provide copies of this order to all counsel of record.

Dated: May 15, 2006.

                                       s/Marsha J. Pechman
                                       Marsha J. Pechman
                                       United States District Judge

ORDER ON DEFENDANT'S MOTION TO DISQUALIFY PLAINTIFF'S COUNSEL - 10